UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEITH C. LONGSWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:21-cv-00106-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| *sued as Martin O'Malley, Commissioner of* | ) |
| *Social Security Administration,*[1] | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Keith C. Longsworth brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On January 7, 2022, pursuant to an unopposed motion to remand by the Commissioner (ECF 24), the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings, entering a judgment in Longsworth's favor. (ECF 25, 26).

Longsworth's attorney, Jason Rodman ("Counsel"),[2] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $15,529.99, less an offset of $12,810 for attorney fees previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $2,719.99 for Counsel's representation of Longsworth in federal court. (ECF 30). The Commissioner does not oppose

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Andrew Saul in this case. *See Melissa R. v. O'Malley,* No. 1:22-cv-02404-TAB-TWP, 2023 WL 8866397, at *1 n.1 (S.D. Ind. Dec. 22, 2023).

[2] Longsworth is also represented by Ann Young and Randal Forbes, attorneys from the same firm as Rodman—Forbes Rodman PC. Accordingly, the term "Counsel" as used herein shall mean one or more of these attorneys.

Counsel's fee request. (ECF 32). For the following reasons, the motion for attorney fees will be GRANTED.

### A. Factual and Procedural Background

1. The Prior Case

On March 13, 2018, the Commissioner denied Longsworth's application for disability benefits. (ECF 15 at 21-37). On March 7, 2019, Counsel entered into a fee agreement with Longsworth for their representation of him in federal court, in which Longsworth agreed to pay Counsel 25 percent of any past-due benefits awarded to him and his family. (ECF 30-2).[3] That same day, Longsworth, via Counsel, filed a complaint in this Court, appealing the Commissioner's denial of his application for disability benefits. (*Longsworth v. Comm'r of Soc. Sec.*, No. 1:19-cv-00077 (filed Mar. 7, 2019) (the "Prior Case")). On April 13, 2020, the Court entered a judgment in Longsworth's favor and remanded the case to the Commissioner for further proceedings. (*Id.*, ECF 24, 25).

On May 12, 2020, Counsel filed a request for attorney fees under the EAJA in the amount of $4,660, plus $400 in costs, for a total award of $5,060, together with supporting materials, for the 23.3 hours they spent advocating the Prior Case in federal court. (*Id.*, ECF 26, 26-1 to 26-8). The Commissioner did not oppose the motion (*id.*; ECF 27), and thus, the Court granted it, awarding Longsworth $4,660 in EAJA fees, plus $400 in costs, for a total award of $5,060 (*id.*, ECF 29).

2. The Instant Case

On December 7, 2020, the Commissioner again denied Longsworth's application for

---

[3] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

disability benefits. (ECF 15 at 487-503). Counsel entered into another fee agreement with Longsworth on March 10, 2021, for their representation of him in federal court, in which Longsworth again agreed to pay Counsel 25 percent of any past-due benefits awarded to him and his family. (ECF 30-1). Longsworth, via Counsel, filed the complaint in this case on March 16, 2021, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). On January 7, 2022, pursuant to an unopposed motion to remand by the Commissioner (ECF 24), the Court entered a judgment in Longsworth's favor and remanded the case to the Commissioner for further proceedings. (ECF 25, 26).

On February 4, 2022, Counsel filed a request for attorney fees under the EAJA in the amount of $7,749.25 in attorney fees (34.75 hours) and $562.50 in paralegal fees (6.25 hours), together with supporting materials, for the time they spent advocating this case in federal court. (ECF 27, 27-1 to 27-5). On February 17, 2022, the Commissioner filed a joint stipulation to an EAJA fee award of $8,150, plus $402 in costs. (ECF 28). The Court granted the motion, as modified by the stipulation, and awarded Longsworth $8,150 in EAJA fees. (ECF 29).

### 3. The 406(b) Request

On April 22, 2023, the Commissioner sent Longsworth a notice of award, informing that he was found disabled as of September 26, 2014, and entitled to monthly disability benefits beginning March 2015. (ECF 30-8 at 2-3). The Commissioner explained that Longsworth was entitled to $62,120 in past-due benefits, but that the Commissioner withheld 25 percent of that amount, $15,530, to pay Longsworth's attorneys and that it would pay Longworth's attorneys at the administrative level $7,200. (*Id.* at 4).

On January 31, 2024, Counsel filed the instant motion, together with a supporting memorandum and documents, seeking the Court's approval of a § 406(b) award in the amount of

3

$15,529.99, less an offset for $12,810 in EAJA fees ($4,660 in the Prior Case plus $8,150 in this case), resulting in a net payment of $2,719.99 from Longsworth's withheld past-due benefits for Counsel's representation before this Court. (ECF 30, 30-1 to 30-8).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[4]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 404.1725(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018). "[A] petition for fees under § 406(b)(1) must be brought

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

4

within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $15,529.99 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits from the Commissioner indicates that Longsworth was awarded $62,120 in past-due benefits. (ECF 30-8 at 4). As such, the fee amount that Counsel requests, $15,529.99,

5

does not exceed 25 percent of Longsworth's past-due benefits.

Counsel contends that the requested fee award of $15,529.99 is reasonable for the time spent representing Longsworth in the instant case. (ECF 30 ¶ 3; *see* ECF 30-3, 30-4). It is obvious that Counsel obtained a good result for Longsworth, as the Commissioner ultimately found him disabled and awarded him disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). In doing so, Counsel requested, and was granted, one 30-day and one 4-day extensions of time in this case (ECF 17 to ECF 20) and three 28-day extensions in the Prior Case (Prior Case, ECF 14 to 17, 19 to 20), contributing to some delay of the case, though not an unreasonable amount. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases."). Indeed, it is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . .

6

[which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Further, Counsel's requested fee of $15,529.99 divided by the 64.3 hours spent on Longsworth's appeal in federal court (23.3 hours in the Prior Case and 41 hours in this case) equates to an effective rate of about $242, which is well below the range of awards regularly approved by this Court. *See, e.g.*, *Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Pence v. Saul*, No. 1:17-cv-0090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour).[7]

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $15,529.99, less an offset for $12,810 in EAJA fees previously awarded ($4,660 in the Prior Case and $8,150 in this case), resulting in a net fee award to Counsel of $2,719.99. *See Gisbrecht*, 535 U.S. at 796.[8]

---

[7] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

[8] While Counsel requests in their motion that the Commissioner pay them $15,529.99 and that they will then refund the previously-collected $12,810 in EAJA fees to Longsworth (ECF 30 at 5), this Court has long followed the "netting method" and will do so here as well. *See O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees).

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 30) is GRANTED in the amount of $15,529.99, less an offset for $12,810 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $2,719.99. The Commissioner shall pay Counsel $2,719.99 out of Longsworth's withheld past-due benefits in accordance with agency policy and release any remaining withheld benefits to Longsworth. Counsel is allowed to retain the $12,810 in EAJA fees previously awarded.

SO ORDERED.

Entered this 30th day of April 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge